THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Norman Lee
 Mitchell, Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2012-UP-010   
 Submitted November 1, 2011  Filed January
25, 2012

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Deborah R. J. Shupe, and Solicitor Daniel
 E. Johnson, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Norman
 Lee Mitchell appeals his conviction of carjacking.[1] 
 He argues the circuit court erred in admitting the victim's single person show-up
 identification and subsequent in-court identification.  We affirm.[2]
"The admission or
 exclusion of evidence is left to the sound discretion of the [circuit] court,
 and the court's decision will not be reversed absent an abuse of
 discretion."  State v. Liverman, 386 S.C. 223, 233, 687 S.E.2d 70,
 75 (Ct. App. 2009).  "An abuse of discretion occurs when the decision of
 the [circuit] court is based upon an error of law or upon factual findings that
 are without evidentiary support."  Id.  "[W]hether an
 eyewitness identification is sufficiently reliable is a mixed question of law
 and fact."  State v. Moore, 343 S.C. 282, 288, 540 S.E.2d 445, 448
 (2000).  "In reviewing mixed questions of law and fact, where the evidence
 supports but one reasonable inference, the question becomes a matter of law for
 the court."  Id.
When assessing the
 admissibility of an eyewitness identification "the primary evil to be
 avoided is 'a very substantial likelihood of irreparable
 misidentification.'"  Neil v. Biggers, 409 U.S. 188, 198 (1972)
 (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)).  An unduly
 or unnecessarily suggestive confrontation procedure may deprive a defendant of
 due process of law.  State v. Turner, 373 S.C. 121, 127, 644 S.E.2d 693,
 696 (2007).  However, "the admission of evidence of [an unnecessarily
 suggestive procedure] without more does not violate due process."  Biggers,
 409 U.S. at 198.  
Single person show-ups are
 "particularly disfavored in the law" and are suggestive.  Moore,
  343 S.C. at 287, 540 S.E.2d at 448.  If a confrontation procedure is deemed unduly
 suggestive, a court must determine whether "under [the totality of] the
 circumstances the identification was reliable notwithstanding any suggestive
 procedure."  Id. at 287, S.E.2d at 447-48 (citation and internal
 quotation marks omitted).  Factors to consider in "evaluating the
 likelihood of a misidentification" include the following:

 [T]he
 opportunity of the witness to view the criminal at the time of the crime, the
 witness'[s] degree of attention, the accuracy of the witness'[s] prior
 description of the criminal, the level of certainty demonstrated by the witness
 at the confrontation, and the length of time between the crime and the
 confrontation.

Biggers, 409 U.S. at 199-200.
Here, the circuit court did
 not err in admitting the victim's initial show-up identification and subsequent
 in-court identification.  Although the single-person show-up procedure used in
 the instant case has been disfavored as suggestive, the circuit court properly
 found the victim's identification was sufficiently reliable pursuant to the Biggers factors.  The victim was able to view Mitchell's face very closely during the
 carjacking, which took place outside during the day.  In addition, the victim demonstrated
 a high degree of certainty that Mitchell was perpetrator, and both witnesses to
 her initial identification of Mitchell testified she demonstrated no hesitation
 or doubt.  Finally, she identified Mitchell within minutes after the crime. 
 Accordingly, Mitchell's carjacking conviction is affirmed.    
AFFIRMED.

FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] Although Mitchell was also convicted of failure to
 stop for a blue light, he does not appeal this conviction.  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.